In re DELTA AIRLINES CRASH AT BOSTON, MASSACHUSETTS, ON JULY 31, 1973.

No. 160.

Judicial Panel on Multidistrict Litigation.

April 10, 1974.

Proceeding on motion by certain plaintiffs and defendant airline for order transferring all litigation arising out of crash of commercial aircraft to District of Massachusetts for coordinated or consolidated pretrial proceedings. The Judicial Panel on Multidistrict Litigation held that litigation would be transferred to such district rather than to New Hampshire or Vermont Districts.

Transfer ordered.

Courts ⚖︎277.2

Litigation arising out of commercial aircraft crash in which more than 80 persons perished would be transferred, for purposes of coordinated or consolidated trial proceedings, to District of Massachusetts, in which crash occurred and in which many of relevant documents and anticipated witnesses were located, rather than to New Hampshire or Vermont Districts in which majority of victims had resided. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH,[*] Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

---

[*] Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

1. Plaintiffs in the action entitled Ann G. D'Arcy, etc. v. Delta Airlines, Inc., et al., S.D.N.Y., 73-Civ-5147, originally listed on

OPINION AND ORDER

PER CURIAM.

On July 31, 1973, a Delta Airlines commercial aircraft crashed while on approach for landing at Logan International Airport in Boston, Massachusetts. More than 80 persons aboard perished as a result of the crash. Certain plaintiffs and defendant Delta Airlines move the Panel for an order transferring all the litigation arising out of the crash of that ill-fated flight to the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The majority of plaintiffs support transfer, but they disagree on which district is the most appropriate transferee forum.[1] On the basis of the briefs filed and the hearing held, we find that these actions contain common questions of fact and transfer of all the actions to the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All plaintiffs are asserting the liability of a common defendant arising out of the same crash and in our estimation this litigation presents a classic case for transfer under Section 1407. The only real dispute is over the appropriate transferee district. The majority of the crash victims resided in New Hampshire and Vermont and it has been argued that transfer to one of those districts would best serve the convenience of the parties and witnesses.

We have generally assigned air crash litigation to the district in which the crash has occurred. See, e. g., In re Florida Everglades Air Disaster Litigation, 360 F.Supp. 1394, 1395 (J.P.M.L. 1973); In re Huntington, West Virginia, Air Disaster Litigation, 342 F.Supp.

Schedule A, opposed transfer of their action to the District of Massachusetts. Inasmuch as the Honorable Marvin E. Frankel has granted plaintiffs' motion to remand their action to the New York state court, the question of transfer of that action pursuant to Section 1407 is now moot.